IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DR. TERENCE MICHAEL DORN, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERCONTINENTAL HOTELS ) <br> GROUP RESOURCES, LLC d/b/a ) <br> IHG HOTELS AND RESORTS, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action No. 1:25-cv-228 (RDA/WEF) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Intercontinental Hotels Group Resources, Inc.'s Motion to Dismiss the Complaint based on *forum non conveniens* (Dkt. 2). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Plaintiff's Complaint (Dkt. 1-2), Defendant's Memorandum in Support (Dkt. 3), Plaintiff's Opposition Brief (Dkt. 8), and Defendant's Reply Brief (Dkt. 9), this Court GRANTS the Motion for the reasons that follow.[1]

---

[1] Also pending are Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. 5) and Plaintiff's Motion to Remand (Dkt. 10). Given the result reached with respect to *forum non conveniens*, the Court does not reach the issues raised with respect to whether Plaintiff has stated a claim. With respect to the Motion to Remand, that Motion will be denied. Plaintiff, a resident of Virginia, has alleged that Defendant is a limited liability company headquartered in Windsor, Berkshire, England and seeks $1,000,000 in damages. Dkt. 1-2 ¶ 3. Thus, it is apparent from the face of the Complaint that diversity jurisdiction exists here. Moreover, Defendant states that they are a Delaware corporation with a principal place of business located in the state of Georgia. Dkt. 14 at 2. Thus, diversity jurisdiction is proper under 28 U.S.C. § 1332.

1

## I. BACKGROUND

### A. Factual Background[2]

On April 1, 2024, Plaintiff was a guest at the Crowne Plaza Riyadh Digital City (the "Hotel") in Riyadh, Saudi Arabia. Dkt. 1-2 ¶¶ 1, 14. That same day, while in his hotel room, Plaintiff fell on the tile floor and hit his head. *Id.* ¶ 15.

Plaintiff alleges negligence by Defendant. He alleges Defendant knew, or in the exercise of reasonable care should have known, of the condition of the tile floor in Plaintiff's hotel room. *Id.* ¶ 18. Plaintiff specifically alleges that excessive floor wax or other substances applied to the tile floor caused his slip and fall. *Id.* ¶ 16. Plaintiff further alleges the slip and fall resulted in a brain bleed. *Id.* ¶ 17. Alternatively, Plaintiff alleges that Defendant's employees created the condition of the floor. *Id.* Finally, Plaintiff says Defendant should have had a non-slip surface on the floor. *Id.*

Plaintiff was hospitalized for three days, and had a craniotomy performed. *Id.* All of Plaintiff's medical treatment—the extended hospital stay, brain surgery, and follow-ups—occurred in the United States. Dkt. 13-1 ¶ 8.

### B. Procedural Background

On December 30, 2024, Plaintiff filed his Complaint in the Circuit Court for the County of Fairfax, Virginia. Dkt. 1-2. On February 6, 2025, Defendant filed a Notice of Removal to the United States District Court for the Eastern District of Virginia. Dkt. 1. On February 14, 2025,

---

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant filed its Motion to Dismiss on *forum non conveniens*. Dkt. 2. On February 28, 2025, Plaintiff filed his Opposition. Dkt. 8. On March 6, 2025, Defendant filed its Reply. Dkt. 9.

## II.  STANDARD OF REVIEW

A party seeking dismissal on the basis of *forum non conveniens* bears a heavy burden in opposing the plaintiff's chosen forum. *SAS Institute, Inc. v. World Programming Ltd.*, 468 F. App'x 264, 265 (4th Cir. 2012). If that burden is met, a "federal court has the discretion to dismiss a case on the ground of *forum non conveniens* where another forum is more appropriate for adjudicating a dispute, considering the 'factual and legal issues of the underlying dispute.'" *AdvanFort Co. v. Zamil Offshore Services Co.*, 134 F.4th 760, 767 (4th Cir. 2025) (italics added) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007)). A district court's consideration of a motion to dismiss for *forum non conveniens* must include a determination of whether the alternative forum is "1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved." *Jiali Tang v. Synutra Int'l Inc.*, 656 F.3d 242, 248 (4th Cir. 2011) (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 257 (1981)). When determining a motion to dismiss based on *forum non conveniens*, a court may rely on affidavits submitted by the parties. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988) (stating that in a *forum non conveniens* determination, "the district court's inquiry . . . may be resolved on affidavits presented by the parties").

## III.  ANALYSIS

Here, the parties dispute whether Saudi Arabia is an adequate forum and whether the public and private interests involved suggest that litigating in Saudi Arabia would be more convenient. Analyzing the relevant factors established under *Piper Aircraft*, all of the factors favor Defendant. Moreover, Fourth Circuit precedent indicates that the considerations raised by Plaintiff do not

3

preclude Saudi Arabia from being an adequate and available forum. For all these reasons and for the reasons discussed below, the Court will grant Defendant's Motion.

A. Availability

Plaintiff does not contest that Saudi Arabia is an available forum. "For a case to be dismissed for *forum non conveniens*, the alternate forum must be available to all defendants." *Galustian v. Peter*, 591 F.3d 724, 731 (4th Cir. 2010) (cleaned up and emphasis omitted). "Availability will ordinarily be satisfied when the defendant is amendable to process in the other jurisdiction." *Jiali Tang*, 656 F.3d at 249 (internal quotations omitted); *see also Conflict Kinetics, Inc. v. Bagira Sys., Ltd.*, 2024 WL 339347, at *1 (4th Cir. 2024) (finding Israel to be an available forum because Defendants made themselves amendable to process in Israel).

Here, Defendant has stated that it will make itself available in Saudi Arabia. Dkt. 3 at 4. In his Opposition, Plaintiff failed to address this factor, thus conceding that Saudi Arabia is an available forum. Moreover, a district judge in this District has previously determined that Saudia Arabia is an available forum, and this was affirmed by the Fourth Circuit. *AdvanFort Co. v. Zamil Offshore Servs. Co.*, 704 F. Supp. 3d 669, 675-76 (E.D. Va. Dec. 1, 2023) (finding Saudi Arabia an available jurisdiction), *aff'd*, 134 F.4th. 760 (4th Cir. 2025). For all these reasons, this Court finds that Saudi Arabia is an available forum and that Defendant has met its burden in this regard.

B. Adequacy

The parties differ as to the adequacy of Saudi Arabia as a forum in which to litigate this matter. Defendant relies on the affidavit of Amr Kady, who was nominated to be a judge in Saudi Arabi and who is a practicing attorney in Saudi Arabia. Dkt. 3-1. Mr. Kady states that a claim by Plaintiff would be heard by the General Courts and that, if Plaintiff received an unfavorable ruling, he would have an automatic right to appeal. *Id.* ¶ 7. Mr. Kady notes that a claim by Plaintiff could

be brought under Article 120 of the Civil Transactions Regulation, which permits someone who has suffered an injury to seek compensation. *Id.* ¶¶ 8-9. Mr. Kady further notes that litigants may also obtain some form of discovery from an opposing party, pursuant to articles of Evidence Regulation. *Id.* ¶ 13. Mr. Kady attaches to his affidavit the applicable rules of civil procedure and evidence regulations upon which he relies as exhibits to his declaration. A review of those documents reveals that, although Arabic is the official language of the courts, courts hear non-Arabic speaking litigants and witnesses through interpreters and that foreign language documents can be translated into Arabic by a licensed office. *Id.* at 10 (Law of Civil Procedure, Article 23).

In response, Plaintiff relies on the affidavit of David J. Western, a former Staff Judge Advocate who served in Riyadh, Saudi Arabia, from May 2007 to July 2008. Dkt. 8-1 ¶ 1. Mr. Western avers that, among other deficiencies, Saudi law does not provide for specific standards of proof, has no juries, is almost exclusively based on Islam's teachings, and does not adhere to *stare decisis*. *Id.* ¶¶ 2-5, 14. Mr. Western additionally avers that Saudi law establishes caps that vary by the race and ethnicity of the plaintiff, but he provides no opinion on how this would impact recovery by Plaintiff. *Id.* ¶ 21. Mr. Western also does not provide any basis for his knowledge of Saudi Arabian law after 2008 (and the Court notes that the Royal Decree for the Laws of Civil Procedure appears to have issued in 2013) nor does he cite any specific provision of Saudi Arabian law. The Court searched the records provided by Mr. Kady to attempt to ascertain whether the provisions of law referenced by Mr. Western regarding Muslim witnesses and recovery appeared in those documents and could not identify any article providing for the limitations that Mr. Western set forth. Indeed, Mr. Western asserts that in Saudi Arabia there would be no viewing of the accident site; the Law of Civil procedure provided by Defendant, however, states that "[t]he court may, on its own motion or the motion of a litigant, decide to inspect a disputed item . . . [by]

5

proceeding to its location." Dkt. 3-1 at 29 (Law of Civil Procedure, Article 116). Additionally, the provisions of Chapter 5 of the Law of Civil Procedure on Testimony does not contain the witness limitations that Mr. Western references. *Id.* at 30-31 (Law of Civil Procedure, Articles 121-127).

Following receipt of Mr. Western's affidavit, Defendant submitted a supplemental affidavit from Mr. Kady. In that supplementary affidavit, Mr. Kady asserts: (i) that Saudi Arabian law provides for specific standards of proof as set forth in the Evidence Regulations; (ii) that the bulk of Saudia Arabian law is governed by statute – not Islamic law; (iii) that litigation in Saudi Arabia broadly follows proceedings in other jurisdictions in that it can involve hearings and pretrial procedures and that cases are usually resolved within six to eighteen months; (iv) that there are caps for the "blood money" that personal injury victims can obtain and that those may be impacted based on gender or religion; (v) that the Evidence regulations do not discriminate based on gender or religion; (vi) that other damages available for moral or sensory damages are not limited based on gender or religion; and (vii) that Saudi Arabian law provides for the application of "judicial principles" which appear similar to *stare decisis*. Dkt. 9-1.

Plaintiff also submitted an affidavit. Dkt. 8-2. In his affidavit, Plaintiff indicated that he did not speak Arabic but did not indicate his religion. *Id.*

"A foreign forum is adequate when (1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Conflict Kinetics*, 2024 WL 339347, at *2 (internal citation omitted). "The moving party bears the burden of showing that an adequate alternative forum exists." *Jiali Tang*, 656 F.3d at 248 (internal citations omitted). But in "rare circumstances," when the "remedy offered by the other forum is clearly unsatisfactory,

6

the other forum may not be an adequate alternative . . . ." *Piper Aircraft*, 454 U.S. at 254 n.22. In determining adequacy, courts recognize that a forum is not "rendered inadequate merely because it applies less favorable substantive law, utilized different adjudicatory procedures, or because of general allegations of corruption in the forum's judicial system." *AdvanFort*, 134 F.4th at 771. Moreover, courts "should be hesitant 'to pass value judgments on the adequacy of justice and the integrity' of a foreign forum's judicial system." *Id.* Plaintiffs must instead demonstrate that they would face serious obstacles to conducting litigation, such as "extreme amounts of partiality or inefficiency," or "a complete absence of due process or an inability of the forum to provide substantial justice to the parties." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1312 (11th Cir. 2001). A forum is not inadequate merely because a plaintiff "may not enjoy the same benefits as they might receive in an American court." *Jiali Tang*, 656 F.3d at 250. Finally, "a difference in the law in the two forums – even where the amount of potential recovery is drastically different – is not sufficient to bar the application of the *forum non conveniens* doctrine." *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 202 (4th Cir. 2009).

Based on the affidavits provided here, Defendant has met its burden of demonstrating that Saudi Arabia is an adequate forum. It is clear from Mr. Kady's two affidavits that Plaintiff would have a claim in Saudi Arabia, that there are clear procedures and regulations that would apply to the proceedings, and that Plaintiff would not be left wholly without a remedy or recovery in Saudi Arabia, assuming that he could prove the facts alleged. Although Mr. Western's affidavit makes some assertions that contradict the averments made in Mr. Kady's affidavits, the Court finds Mr. Kady's affidavit more persuasive where he is a current practitioner of law in Saudi Arabia, where his affidavit was more specific and where his affidavit attached the relevant provisions of law upon which he relied. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1226 (9th Cir. 2011)

(recognizing that district court properly considered arguments based on affidavits but "credited Dr. Osterling's more specific affidavit"). The Court does not question Mr. Western's credentials or that his affidavit reflects his experience, but it is unclear what experience Mr. Western has with Saudi Arabian law since 2008. This becomes especially important where Saudi Arabia apparently issued new rules and procedures in 2013. *See Galustian*, 591 F.3d at 732 ("This Court does not question Mr. Hanna's credentials as an expert on the law of Iraq, but the showing his affidavit is not sufficiently clear . . . ."). Accordingly, this Court finds that, in reliance on Mr. Kady's affidavits, Defendant has met its burden of establishing that Saudi Arabia is an adequate forum.

The result reached here is confirmed by a review of a recent decision from the Fourth Circuit. Just over three months ago, the Fourth Circuit affirmed a decision by a judge in this District finding that Saudi Arabia is an adequate forum. *AdvanFort*, 134 F.4th at 771-73. The Court additionally notes that, like in *AdvanFort*, Plaintiff "does not contest that the Saudi courts permit the litigation of this dispute." *Id.* at 771. Instead, Plaintiff submits that "[t]he Saudi system has been criticized for being slow, arcane, and lacking in many of the safeguards of justice found in other countries such as the United States." Dkt. 8-1 ¶ 9. While the Court is sympathetic to this point, "courts have recognized that a forum is not rendered inadequate merely because it applies less favorable substantive law, utilizes different adjudicatory procedures, or because of general allegations of corruption in the forum's judicial system." *Id.* (cleaned up). This is precisely the case here. Moreover, the plaintiff in *AdvantFort* specifically raised some of the same arguments that Plaintiff raises here; namely, that "witnesses are treated unfairly or discredited based on their gender or religion." *Id.* at 765. Nonetheless, the Fourth Circuit rejected Plaintiff's claims as "generalized." *Id.* at 771. Similarly, here, Mr. Western's assertions do not refer to any specific provisions of law (unlike Mr. Kady's affidavits) and instead refer generally to "Sharia Law." Dkt.

8-1. But as Mr. Western himself concedes, in 2007, Saudi Arabia was moving toward reforming the judiciary to create a new court system; yet Mr. Western does not discuss any post-2007 law. *Id.* As reflected in Mr. Kady's affidavits, Plaintiff has a remedy in Saudi Arabia and, as the Fourth Circuit recognized in *AdvanFort* in finding Saudi Arabia an adequate forum, "an adequate forum need not be a perfect forum." 134 F.4th at 771. And, as further confirmation, another circuit analyzing this same question also determined that Saudi Arabia was an adequate forum. *See Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997) (finding Saudi Arabia an adequate forum for tort claims).

Plaintiff protests that Saudi caps on recovery based on race and religion "would not only be untenable in the courts of the United States but would be considered unconstitutional—if not outrageous." Dkt. 8 at 5 (altering grammatical error). Of course, many jurisdictions have different requirements than those in the United States. But addressing the specific issue here, Mr. Kady persuasively asserted that it is only with respect to so-called "blood money" damages that Saudi Arabia applies damages caps based on *gender* and religion. Dkt. 9-1 ¶¶ 7, 15. But other damages are determined without reference to either gender or religion. *Id.* ¶ 15. Moreover, Plaintiff – as a man – is a member of the favored gender and, although Plaintiff submitted an affidavit here, neither his affidavit nor his complaint assert that he is not Muslim. Dkts. 1-2, 8-2.[3] In any event, the Fourth Circuit has instructed that "a difference in the law in the two forums – even where the amount of potential recovery is drastically different – is not sufficient to bar the application of the *forum non conveniens* doctrine." *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 202 (4th Cir. 2009). Moreover, the Supreme Court has instructed

---

[3] Plaintiff's Opposition Brief asserts that he is not Muslim, but that is not sufficient where such allegation is not contained in either his Complaint or his affidavit.

9

that an unfavorable change in law is only entitled to substantial weight where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254. Here, Mr. Kady establishes that Saudi Arabia provides for multiple types of damages, with only one being capped based on gender or religion. And, here, Plaintiff has not averred his religion. Finally, applying Virginia choice of law principles, Saudi Arabian law is likely to apply in this case in any event, and Plaintiff has not explained how he would avoid the Saudi Arabia's limitations on recovery under choice of law principles. Dkt. 9 at 7 (asserting Saudi Arabian law would apply); *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998) (recognizing that Virginia applies *lex loci delicti*).

In sum, Defendant has met its burden of establishing that Saudi Arabia is an adequate forum. The Fourth Circuit has recognized that Saudi Arabia is an adequate forum. And Plaintiff's arguments to the contrary are unpersuasive, because Saudi Arabia is not "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254.

### C. Public and Private Interests

The Court next examines the public and private interests at issue here. But before doing so, the Court must determine "the appropriate level of deference owing to the [plaintiff's] choice of forum." *AdvanFort*, 134 F.4th at 772. The Fourth Circuit has held that a non-corporate plaintiff's choice of forum is entitled to greater deference when choosing his home forum. *See DiFrederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 803 (4th Cir. 2013). Thus, Plaintiff's choice of forum is "presumptively convenient" and should be "overridden only when the defendant establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Id.* Here, Defendant has met that burden.

1.  Private Interest Factors

The Court next examines the relevant private interests with respect to this litigation. The private interest factors include "(1) the relative ease of access to sources of proof"; (2) the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) the possibility of a view of the premises, if a view would be "appropriate"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n.6; *Jiali Tang*, 656 F.3d at 249. In order to examine the relative ease of access to sources of proof and the availability of witnesses, "the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe*, 486 U.S. at 528. Here, the private factors support the conclusion that Saudi Arabia is the more appropriate forum as Defendant would be severely prejudiced from litigating in the United States, while Plaintiff has put forward no evidence in his affidavit that he would likewise suffer undue prejudice.

Importantly, Plaintiff concedes that the evidence most relevant to establish liability with respect to his claims is located in Saudi Arabia. Plaintiff expressly acknowledges the importance of "the relevant facts relate[d] to the conditions of the floor at the time of the incident, Hotel personnel's knowledge of these conditions, what actions Hotel personnel did or did not take with respect to those conditions prior to the incident." Dkt. 8 at 7. All of those pieces of evidence are located in the Saudi Arabia. As Defendant notes, hotel employees and experts on the Saudi Arabian standard of care are located in Saudi Arabia, and analyses of the floor in question would have to be conducted in Saudi Arabia. Dkt. 9 at 8. Moreover, Defendant does not have control

11

over all of the relevant eyewitnesses, some of whom likely could not be compelled to come to the United States. *See also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1331-32 (11th Cir. 2011) (explaining that the district court's lack of compulsory process to obtain the attendance of Brazilian witnesses favored dismissal). *Id.* There are also questions regarding whether such low-level hotel employees have or would be able to obtain the necessary travel documents to come to the United States. Thus, at least one of Defendant's witnesses would be unavailable for litigation in this District and whether Defendant could obtain the testimony of the other witness is uncertain. Other hotel witnesses with information regarding how the floor is treated, information from cleaning staff, and hotel management would all be located in Saudi Arabia. Thus, the absence of at least one key witness and the questions surrounding the availability of other witnesses in this District strongly favors Defendant.

Most importantly, access to the relevant hotel room would clearly be necessary for the parties and the relevant experts, given that Plaintiff challenges the slipperiness of the surface of the floor. Thus, Plaintiff's argument that photographs would suffice significantly underestimates his likely burden with respect to liability. As courts recognize, where all of these "events giving rise to this action occurred . . . exclusively" in a foreign state, the "'relevant evidence is much more likely to be found in'" that state. *Tang v. Synutra Intern., Inc.*, 2010 WL 1375373 at *12 (D. Md. Mar. 29, 2010) (quoting *In re Compania Naviera Joanna S.A.*, 531 F. Supp. 2d 680, 687 (D.S.C. 2007)). Where Plaintiff has alleged that the slipperiness of the floor caused his injury, examination by experts of the floor itself and the products used to treat it will be required. Thus, regardless of whether the case is tried in this District or Saudi Arabia, a significant portion of the discovery related to liability will take place in Saudi Arabia. *See Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 554 (E.D. Va. 1996) (granting motion to dismiss for *forum non conveniens* and

holding that "[i]t is reasonable to anticipate that a trial court in this district could find it difficult to gather evidence pertaining to liability, because the bulk of the evidence regarding the incident at the Nizuc Reef will be found exclusively in Mexico"); *Saadat v. Ukraine Int'l Airlines*, 2023 WL 5354774, at *4 (S.D. Cal. Aug. 21, 2023) (recognizing that private interest factors favor dismissal where "[r]elevant witnesses and physical evidence related to liability are located outside of the United States").

Seeking to avoid this conclusion, Plaintiff asserts that he and his witnesses are located within the United States and that his medical records are also located in the United States. Plaintiff further notes that, with his current health conditions, Saudi Arabia is not a more convenient forum, because Plaintiff's doctor requires that Plaintiff limit his airplane travel. Dkt. 8 at 9. Addressing this latter argument first, Plaintiff's affidavit on this point is unhelpful. Dkt. 8-2. Plaintiff asserts that his doctor imposed "permanent restrictions" which include "limited . . . airplane travel with opportunities for breaks." *Id.* ¶ 11. Although this suggests that it would be difficult for Plaintiff to travel to Saudi Arabia, Plaintiff does not assert that it would be unmanageable. Additionally, it is unclear what proceedings (other than a trial) Plaintiff would be required to personally attend in Saudi Arabia. Moreover, when referencing these limitations, Plaintiff refers to an "attached" questionnaire from his doctor, which is, in fact, not attached. *Id.* Thus, although there is some increased inconvenience to Plaintiff from the likely need to travel to Saudi Arabia at some point; such inconvenience does not appear to be a barrier to litigation in Saudi Arabia, and it is unclear from Plaintiff's affidavits to what extent he would actually be inconvenienced.

Turning back to the location of Plaintiff's witnesses, the Court notes that Plaintiff's two eyewitnesses are Americans, but they have obviously previously travelled to Saudi Arabia (because they allegedly witnessed the accident there). Plaintiff does not suggest that they would

13

be unwilling to return to Saudi Arabia nor does Plaintiff identify in what state that they reside so as to suggest that they would be subject to compulsory service in this District but not Saudi Arabia. In this regard, Plaintiff's two witnesses are weighed against Defendant's two witnesses, who would not be subject to compulsory service in the United States – one of whom is no longer an employee of the hotel. Plaintiff's witnesses have previously travelled to Saudi Arabia (and thus have, in the past at least, been able to obtain the necessary travel documents) and, at this point, there is no indication that they are unable or unwilling to do so in the future. Similarly, Plaintiff has not indicated that his medical witnesses would be unavailable in Saudi Arabia.

Similarly, Plaintiff suggests that litigating in this District would be less expensive than litigating in Saudi Arabia. Conversely, Defendant asserts that it would be less expensive to litigate in Saudi Arabia. Neither party provides any metrics by which to assess this factor. It appears, however, that Plaintiff significantly underestimates the evidence that he would require from Saudi Arabia in order to litigate within the United States. As discussed *supra*, Virginia choice of law principles requires that this Court apply Saudi Arabian substantive law. Thus, the parties will likely require experts on Saudi Arabian law. Further, the parties will likely require experts on the standard of care in Saudi Arabia and experts to assess the products used on and the slipperiness of the floor in the relevant hotel room.

In sum, the critical evidence related to liability is located in Saudi Arabia and, regardless of choice of forum, significant discovery would have to take place in Saudi Arabia related to liability. Moreover, Defendant has asserted that it would be unable to compel the attendance of important witnesses in the United States, while Plaintiff has asserted that it would merely be inconvenient for him to have to procure his witnesses in Saudi Arabia (without providing any

14

metric by which to measure such inconvenience). Thus, Defendant has met its burden to establish that this factor weighs strongly in favor of Defendant.

2. Public Interest Factors

The public interest factors the Court must weigh include: "(1) Administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws or in application of foreign law; (5) and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6. Again, a consideration of these factors reveals that Defendant has established that the private interest factors weigh in its favor.

The interests of the Commonwealth of Virginia in this case are at very best, slight. This case is a slip and fall action in Saudi Arabia that was allegedly caused by Saudi Arabian employee in which Saudi Arabian witnesses may be called and to which Saudi Arabian law applies. Dkt. 9 at 3, 10. Virginia has little interest in a case involving the extent of liability of a Defendant who, in this case, has *no* identifiable connections to Virginia. Dkt. 1-1 ¶ 4 ("At the time of the commencement of the action, Defendant was and is a limited liability company. Defendant is wholly owned by Six Continents Hotels, Inc., a Delaware corporation with is [*sic*] principal place of business located in the State of Georgia."). And again, applying Virginia's *lex loci delicti* rule, the Court would be "substantially burdened with attempting to 'untangle problems in conflict of laws, and in law foreign to itself,'" while the same concerns would not be presented in Saudi Arabia. *Tang*, 2010 WL 1375373, at *13 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). For all of these reasons, Defendant has met their burden in showing the public interest factors favor this case being litigated in Saudi Arabia.

Against all of these considerations, Plaintiff notes only that "[c]ases are tried with much greater speed in the United States." Dkt. 8 at 9. But, as both expert affidavits noted, civil cases in Saudi Arabia generally take between six and twenty-four months. Dkts. 8-1 ¶ 8; Dkt. 9-1 ¶ 6. This is not unusually long and, indeed, is faster than many courts within the United States. Moreover, such figures are commensurate with the speed with which this District (colloquially referred to as the Rocket Docket) disposes of cases. *See* U.S. District Court Combined Civil and Criminal Federal Court Management Statistics (March 31, 2025) at page 25, *available at https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.pdf* (over the past eighteen months the average disposition time for civil cases has been between 11.9 and 18.2 months). Thus, Plaintiff's argument in this regard is unpersuasive, and the public interest strongly favors this case being heard in Saudi Arabia.

### 3.    Weighing of the Interests

Given that most of the evidence as to liability resides in Saudi Arabia, the interests of Saudi Arabia in the dispute, the discovery that would need to take place in Saudi Arabia, the application of Saudi Arabian law, and the inability to compel Defendant witnesses to appear in this District, the Court finds that Defendant has established that the prejudice to it outweighs the inconvenience to Plaintiff, which Plaintiff has largely failed to establish. Plaintiff relies on two cases from the District of Maryland to support that this case should be heard in this District, *Sund v. Marriott Int'l Inc.*, 2020 WL 2085469 (D. Md. Apr. 30, 2020) and *Sant v. Marriott Int'l Inc.*, 2023 WL 2213926 (D. Md. Feb. 24, 2023). This Court finds those cases distinguishable and unpersuasive.

To begin with, the Court notes that both decisions determined that the public and private factors weighed in favor of the foreign forum, but in weighing those interests determined that the plaintiff's choice of forum overcame such considerations. *Sund*, 2020 WL 2085469, at *10; *Sant*,

2023 WL 2213926 at *4. In doing so, those courts weighed heavily the consideration that the defendant in those cases—Marriott—has its headquarters in Maryland. *Sund*, 2020 WL 2085469, at *10 ("Marriott has not shown that litigating *in its home forum* would impose disproportionate 'oppressiveness and vexation' upon it . . . ." (emphasis added)); *Sant*, 2023 WL 2213926, at *4. Thus, Maryland had a much greater interest in the disposition of those cases than Virginia does here. Additionally, in the *Sund* decision, the court emphasized that the existence of a video of the alleged fall lessened the inconvenience of the District of Maryland as a forum to the Defendant. *Sund*, 2020 WL 2085469, at *5 ("Significantly, . . . security video footage that recorded Sund's fall outside of the Hotel was preserved by the Hotel and thus is accessible to Marriott for use at trial."); *id.* at *7 (determining "the need for a view is unclear" because "video footage of the accident exists"). Thus, in *Sund*, the court discounted the importance of the unavailability of foreign witnesses in reliance on the existence of the video surveillance footage. The parties have not suggested that such video footage exists here, and the unavailability of Saudi witnesses would greatly prejudice this Defendant. Moreover, neither decision considered the discovery and expert discovery that would need to be taken in the foreign forum regarding the condition and maintenance of the floor, which this Court finds significant in this case. Although Defendant bears a high burden to overcome Plaintiff's choice of forum, this Court finds that Defendant has met that burden here such that the motion will be granted. Defendant would be prejudiced by the unavailability of witnesses in this District, while Plaintiff has not established that any witnesses would be unavailable in Saudi Arabia. Moreover, very little inconvenience would be avoided by litigating here given that the evidence relating to liability exists in Saudi Arabia and would require discovery relating to the flooring in Saudi Arabia. Additionally, Virginia has little interest in this litigation in contrast to Saudi Arabia, and, were the litigation to occur in Virginia, all parties would

face the inconvenience and expense of arguing what Saudi Arabian law is, what it requires, and how it applies here.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED Plaintiff's Motion to Remand (Dkt. 10) is DENIED; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss on *forum non conveniens* (Dkt. 2) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice. The Clerk of the Court is directed to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
July 30, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge